My name is Tony Gallagher. I'm the Federal Defender for the District of Montana, and I represent Walter Merle Overton. I'd like to reserve three minutes for a rebuttal argument. Your Honors, I've raised four arguments in the brief. There's a subset to one of the arguments. I am going to focus this morning very briefly on sufficiency and then spend most of my time talking about the double jeopardy arguments as they apply to Counts 1 and 2 and 3 and 4. I am not going to argue this morning the reasonableness of the sentence. However, if the Court has any questions with regard to that, I'll be glad to answer them. Your Honors, I think both the government and the defense agree that the DOST standard is the standard that applies with respect to the sufficiency of Counts 1 and 2, the sexual exploitation counts. The DOST case talks about the factors that the Court should normally consider. The standard of review is what, though? The standard of review, Your Honor, is de novo. Is it? I mean, it's an intensely factual inquiry at the initial level. In this particular case, it is. And that is definitely true. And I understand that when we're talking about Jackson v. Virginia, of course, any ties go to the government. We look at this in a light most favorable to the government. But I guess where I'm going, Mr. Gallagher, aren't we dealing with really a mixed question of law and fact? The District Court has to make certain factual findings with regard to the evidence that we would review on a clear error standard. And then the question would be accepting the facts as the District Court found them. And here we are aided by a very detailed set of finding of facts, which we normally don't have. That's true, Your Honor. In a jury case. Then we would review the Court's legal determination as to whether it constitutes lascivious conduct under, I guess it would be a de novo standard. That is true, Your Honor. And all of that is absolutely true. But we have a unique situation here because the crime is the evidence. The crime are the pictures and are contained in the pictures. Well, we've got two separate charges. We've got a receipt of pornography, but then we also have the breach. I don't know how to describe it. The breach of a fiduciary duty by a custodian in the manufacturer, if you will, of child pornography. I want to try to clarify. When we're talking about counts one and two, I'm talking about the five pictures of J&W, who I'll just refer to as Jody. The five pictures of Jody, when we're talking about the sufficiency of the evidence with regard to those five pictures, I think this Court has to look at those five pictures. No disagreement there. But I guess where I was going with my question is, doesn't the statute speak of a violation by Mr. Overton of his responsibilities as the caretaker legal custodian, guardian, in essentially creating these images? And that's absolutely true. We've got two counts. We've got any person who employs a minor to make sexually explicit or sexually exploitative photographs. And then a parent or guardian who does the same thing. And I'll talk about that a little more in a moment because I think that's a very important issue. And Judge Tallman, you've already mentioned something that I'm going to rely on, and that is Judge Molloy's findings. But that really – I want to save that for just a moment. Because there's so little time to discuss the issues that you want to raise, can we perhaps cut to the chase here on the pictures themselves? Absolutely. I can tell you that at least this judge has seen the photos. Yes, sir. And I'm speaking specifically of Exhibits 6-2, 6-4, and 6-5, which the district court also found met the standard of DOST. If this court agrees with that, whether we're on a de novo basis or some other lesser review, doesn't that really end the issue for purposes of our analysis? Yes, sir. So if you take that as a given, are we not perhaps better to move on to the Double Jeopardy arguments where you may have more fruitful ground? Moving on to more fruitful ground. Your Honors, with regard to Counts 1 and 2, Judge Tallman has pointed out in my discussion of the sufficiency argument that we have to rely on the very detailed findings of Judge Tallman. As a federal attorney, oftentimes I rely on the jury's findings, and we can't really tell what they were. There may have been a not guilty finding. It may have been because there was some sort of agreement between the 12 of those folks that they wouldn't find somebody guilty of one thing, but they'd find them guilty of another. In this particular case, we have very detailed findings. Now, with regard to 3 and 4, Counts 3 and 4 are the child pornography counts. Judge Malloy found 239 of the thousands of images that Mr. Overton had on his computer were child pornography. But in those detailed findings, specifically looking now at his finding of the fact and conclusions of law, discussing Exhibit 15. So what paragraph or page are you on? Well, I am referring specifically to ER Page 69. And in Paragraph 15b of his findings of fact and conclusions of law, he specifically eliminates the J&W pictures. Jody's pictures are eliminated from his consideration of what is child pornography, because he says in his findings of fact, I don't know when those pictures were taken. He then says, with regard to his findings of fact on the child pornography counts, and I'm specifically referring now to... Excuse me, Counselor, can I just, to be sure I understand you correctly, he raised that issue because of what, a statute of limitations issue or what? Oh, no, sir. He says because the government has failed in its proof to prove how old she was in those pictures. Oh, I see. Okay. So it was a question of her minority that was the issue. Yes, sir. And so, if you look at Pages 79 and 80 of the excerpts of record, he again refers back to Exhibit 15, which again, he's talking about J&W, Jody. We can't tell how old she is. Government's failure of proof in that regard. So those photos are not included in Counts 3 and 4, the Child Pornography Counts. Well, Mr. Geller, can you, maybe I misunderstood. I thought the government's theory here, at least as I understand it, brief, is that we are dealing with manufactured child pornography with regard to the five pictures of Jody, and that he was convicted of possessing those five photographs, which he created. And then the 239 images that you're talking about refer to the receipt downloaded from the Internet of other images of child pornography that are otherwise available on the Internet. Did I misunderstand the theory of prosecution here? Most respectfully, your Honor, you didn't misunderstand the theory of prosecution, but you did, I think, misread Judge Malloy's findings of fact and conclusions. Help me, show me where I went astray here. As I said, if you look at those particular findings of fact, you're absolutely correct, that was Ms. Hertz, that was her theory. But the judge found that there was a failure of proof with regard to those five photographs as they apply to the Child Pornography Counts. He did find that there was sufficient evidence that any person, i.e., Walter Merle Overton, did utilize this person to make sexually exploitative pictures. And he did find that Walter Merle Overton was a parent, guardian, custodian at the time that he made those photographs. Doesn't the, I'll call her the victim, doesn't the victim have to be a minor at the time? Because there would be nothing illegal, so far as I know, about Mr. Overton taking pictures of his 19-year-old stepdaughter, even if we would otherwise think they were obscene. That's absolutely true. And if this was a jury trial, I would have to agree with the court that it seems as if the finder of fact found that he possessed, manufactured, made these five photographs, and that he received these other 239 photographs. There were other photographs when she was 17. Absolutely. Not the ones he used for impeachment, but the ones when she was 17. Absolutely. That he made. Absolutely. I don't disagree with you, Judge Rievele. But what I'm saying What's the insufficiency then? The insufficiency is with respect to what the government's failure of proof as far as the child pornography counts is concerned. Judge Malloy, if you would look at those pages in the ER that I've referred to, specifically took those five pictures out of the mix. Counsel, what then does the court refer to, and I apologize, I don't know exactly where this comes from in the record, but in the order, he says Overton's conviction for possession of child pornography is also based on his possession of the three sexually explicit photographs he took of his minor stepdaughter. And that exhibits, I think, 62, 64, and 65. Now, are you saying that those pictures were among those that the district court also found when the victim was of indeterminate age? Yes, Your Honor. So basically, your argument is that based upon the district court's findings of fact, we may not even have a crime on which this other count can be based, because she may or may not have been a minor. Well, that's true. I'm looking at page 69. This is 15b, paragraph 15b. Right. You want to talk about findings of fact, right? Yes, sir. While all of the images appear to be of Jody Nelson, of Jody, there is a failure of proof as to when they were taken as it relates to her age. Consequently, they are not considered in making a determination about a substantive violation of the law. So how do you square the finding of fact, 15b, with what I gather was from the order? Let me see if I can find where it came in the order. I think it's on page 13. Page 13? Okay. Yeah, it's under both count 1 and count 2. Okay. 12 and 13. So in effect, you're saying that as far as the double jeopardy issue is concerned, the government is totally incorrect on this because the separate counts that are referred to can't possibly even be criminal because the government has not met its burden of proof as to the majority or minority of the victim. Yes, sir. Okay. I'm real short on time. I wanted to... The question that I have is how do I square his findings on pages 12 and 13, where he specifically says, I find by proof beyond a reasonable doubt, the following facts are true. And in count 1, at the time the pictures were taken, Jody Nelson, the victim, was under 18. And he makes the same finding on page 13 in paragraph 55 under count 2. I understand that there appears to be some facts that are not in my favor. Which are not ambiguous, Mr. Gallagher. That's a problem. But there is an ambiguity raised because of that 15B finding with regard... Your argument is there's now an inconsistency in the findings of fact if we compare 15B with the court statements of the proof under each count. Yes, sir. Well, weren't there more than five pictures of Jody Nelson? That was my question. Oh, absolutely. There were 239 pictures that were on his computer that the judge... I'm not talking about internet receipt. I'm talking about the ones he manufactured with his stepdaughter. There were a lot more than the five. And the problem is... Back when she comes out of the shower, she's 17. He finds that she's a minor. More than the five. Forget the five. That's how I read it. But those weren't the basis of the conviction. Well... The basis of the conviction were two exhibits, 6-2, 6-4, and 6-5. Right. But then if I look at those exhibits and I look at these findings of fact under counts 1 and 2, I've got a factual finding that she was under 18. Right. But with regard to 3 and 4, he found that there was a failure of proof. I'm talking about 3 and 4 now. If he finds that there's a failure of proof with regard to those particular photographs as to 3 and 4, then Blockberger applies, Davenport applies, and one of those two receipt or possession must go down for the purpose of the double jeopardy argument. Okay, now you've just moved into double jeopardy. I thought we started out on sufficiency of the evidence. We did start out on sufficiency of the evidence. But there is a melding here. I can't get away from the fact that we're dealing with the same facts and factors. With regard to double jeopardy, one of those two counts must fail because of what he says in 15b, because of what he says on ER69 and ER70. One of those two receipt or possession counts must fail. Well, let's set aside for the moment the issue with regard to age of the minor and go to the Blockberger double jeopardy argument. Okay. The problem I'm having with accepting your Blockberger argument is I see two different crimes requiring proof of different facts. Absolutely. Okay. And the proof of the different fact is the, I'll call it the breach of the fiduciary duty, for want of a better term, by the stepfather. But, Your Honor, as I raised not only in my opening brief, but in my reply, with regard to 1 and 2, talking now about the sexual exploitation counts, Blockberger is not the only way to determine what congressional intent was. And that's what we have to do when we're talking about double jeopardy in the punishment realm. But the units of prosecution are different. You've got, if I understand the government's theory correctly, you've got a charge for creating child pornography and exploiting the minor by breaching fiduciary duty. Then you have a charge of downloading other internet pornography. And I don't understand why Blockberger... But, Your Honor, 3 and 4 are the child pornography counts. We're talking about the child pornography statute. Yes. 1 and 2 are sexual exploitation counts, 2251. A and B, separate. A and B separately. Yes, Your Honor. Count 1A, count 2B. What I'm saying with regard to those two counts, counts 1 and 2, the exploitation counts, 2251, is that the unit of prosecution, what the Congress was intending to punish, was sexual exploitation. Much the same as it was in Keene, where they were punishing the possession of a firearm by someone's status, that person being a fellow. It didn't matter how many guns they had. In Bell v. United States, the Supreme Court said the unit of prosecution was taking a person across state lines for immoral purposes. It didn't matter how many prostitutes he took across state lines. He had two. Supreme Court said the unit of prosecution was the aspect of immoral activity. Mr. Gallagher, what's different about this case is that you have, I'll call it, actual creation of child pornography as opposed to simply downloading what I'll call commercially available. He made his own with Jody, and then he downloaded commercially available child pornography off the Internet. Those are two separate units of prosecution. And on one and two, one separate punishes coercing a minor. She may be a stranger. Two is entirely separate. She doesn't have to coerce, but the father has to permit and allow and have a role in allowing. Those are two separate crimes. Most respectfully, Judge Wrigley, I disagree for the purpose of sentencing. What the Congress intended to punish was the sexual exploitation of a child. What has happened here is that in the same act, now, you know, I wanted to just briefly, and I know that I'm over time, but I think this is such an important thing. In Bell v. United States, the Supreme Court found that the unit of prosecution was the immorality of bringing someone across state lines. And they found that because it was the same trip and because it was the same vehicle, even though it was two women, it didn't matter. Here, Mr. Overton exploited Jody, but it was the same person, the same days, the same time frame, the same manner, the same camera, the same location, and frankly, it was the same photos. We have so many cases where the same conduct represents two separate crimes made separate by Congress. Yes, sir, but they're in two different statutes. This is the same statute. Well, we may have used the word statute inappropriately in one case, but at least they're separate provisions. That's enough if they are separate conducts. They may be separate provisions, but if those provisions are designed to punish one unit of a crime, sexual exploitation, that's what we've done. Now, let me follow your argument, okay? 841A of Title 21 punishes manufacturing marijuana and possession of that same marijuana with intent to distribute it. But that doesn't constitute double jeopardy to convict the defendant of both. No, but there are separate punishments for those two things. And the Congress made it quite clear that they wanted to punish those things separately. But here they didn't make it clear that they wanted to punish these two subsections of the same act. But they created the exploitation statute when the Adam Walsh Act was enacted to modify, to expand the reach of the original child pornography statute, did they not? They did. Yeah. I mean, they created a new crime. Which is why I'm not arguing with you with regard to the interplay of 1 and 2 and 3 and 4. I'm not saying that he's got to be found guilty of only 1 and 2 or only 3 and 4. I'm saying within that context, sexual exploitation counts, one of those has got to go because there's double punishment. Within the context of 3 and 4, one of those has got to go because there's double punishment. I'm not saying that he shouldn't be punished, if in fact there is sufficient evidence, for exploiting the child and for possessing or receiving child pornography. I'm not saying that. What I'm saying is that it's unfair to go four shots when you're only entitled to two shots. So would the remedy that you're seeking here basically be a remand for a resentencing? Yes, Your Honor. So that we would dismiss two counts of the indictment, but the district court ran all four counts concurrently. It did, but as I also argued in my reply brief and in my opening brief, there are collateral consequences, which a remand is appropriate. Understood. If I could end up with the same 235-month sentence, it would only be on two counts concurrent that he got on four. That's true. Or save $200 in the special assessment. And the Supreme Court has said that's important. No, I don't quarrel with the law, Mr. Gallagher. I understand that. But that's the best you can hope for, as I understand it, if you win. Well, the best I can hope for is that you would find him not guilty. That's the best I can hope for. In which we would declare that the evidence was legally insufficient. Having made an earlier concession, I'm probably not going to be able to go down that road. But what I'm saying is... You didn't give very much away in the concession, Mr. Gallagher. Your Honor, what I'm saying is the units of prosecution here are Unit 1, if you will, is 1 and 2. Unit 2 is 3 and 4. Okay. If you agree with me that Blackburger applies and Davenport applies on 3 and 4, and that Jody's pictures aren't included in 3 and 4, then we win, according to the government's own words. We got your argument, Mr. Gallagher. I'll give you a word in rebuttal. I am way over time, and I appreciate your time. We appreciate your argument. Thank you. Thank you. Mr. Wolff. Good morning. I am Mr. Wolff of the United States, and may it please the Court, I'll just go through the issues as they appear in the briefs. I've made notes of the questions. I'd just like to ask you a question about Davenport and its progeny. Admittedly, this is a close question, but you obviously heard the argument that Mr. Gallagher made. Why doesn't Davenport apply when you break these down into the units, as he discussed? I am intimately familiar with Davenport. I argued Davenport, and we've suffered from it. The argument or the result? We keep getting these remands, because we had all these cases in the pipeline. It's easily corrected. I don't know if I should concede that, but you can charge it differently, and that will take care of it. The Davenport cases, the only ones I'm aware of, they're all pleas where you have the indictment, and then they come in and they plead, and there's never any parsing out of the conduct. Here, it's different for a couple of reasons. I think you quoted, you didn't have the cite, it's ER-64. Judge Malloy is presented with this question, and he says very clearly, in fact, I've got it right here, Overton's conviction for possession of child pornography is also based on his possession of the three sexually explicit photographs he took of his minor stepdaughter. Does the government agree that the age of Jody at that time was indeterminate on those three photographs? No, we don't agree with that at all. What Mr. Gallagher has done is he's taken what was just kind of a simple piece of fact-finding, which is Judge Malloy saying, hey, I have some photos, I don't know what her age was, I'm not going to rely on those photos. And Mr. Gallagher's trying to blow that up into, well, there's inconsistency in the record, and we don't know. Can you cite in the findings of fact or in the record a finding by the district court that exhibits the photos represented and exhibits, I think it's 6-2, 6-4, and 6-5, were taken when Jody was a minor? I would start with ER-64, which I just cited. Right, that's by the order, right? It is. My copy doesn't have the ER stamp on it. Oh, I'm sorry. Just give me a page number or a paragraph number. This is actually the order that Judge Malloy enters when there's a motion to dismiss that count. And what page are you on? It's... Oh, I've got a numbered copy. I'm with you now. 64, you said? It's ER-64. For the order, it's page 7 of the order, and it's an order filed February 22, 2008. And he says his conviction's based on explosive photos of the minor's stepdaughter. On the... Here we are. I'm now in the actual findings from the bench trial. I'm at ER-78. He's got a finding of... What paragraph? 55. Paragraph 5. Yeah. I mean, among others, because I think there are others just before that, as he concludes the findings, paragraphs 49, 50, and 51 discuss the photos. But like... I'm looking at page... I must be looking at the wrong thing. He's finding the fact that speaks of her being now emancipated and married. What, you said paragraph 5? What... 55. 55, okay. And this is just an example, but he has... I find it beyond a reasonable doubt the following facts are true. At the time the pictures were taken, Jay, the victim, was under 18. Okay. And pictures, he's referring back to... He's referring to his... 11, starting at paragraph 7. Exactly. Exactly. 7. Where he finds that those pictures are lascivious. So those are exhibits 6-2, 6-4, and 6-5. Correct. And in the trial, the victim testifies... And actually, Judge Rieble, you mentioned this. There were three different times where he approached her. One, where they actually no longer had the photos, was this incident with the shower. That was the first one. Then there was another one. She was actually... The victim was actually handed the photos at the trial and asked, Are these the photos... Is that you? And she says, Yes. And then there were these other photos after she was 18. And then after that, there's the whole incident with her going to the bank teller and saying she'd been raped, and that started the whole case. So there's... You know, Mr. Gallagher said that there's inconsistency in the record and that the government misreads the record. The record's very clear. I mean, you couldn't have a conviction on some of these counts, counts 1 and 2, unless he's taking pictures of her when she's a minor. So the record's clear on that. So the counts that involve the victim, though, are just counts 1 and 2. Is that correct? And the rest of them are the Internet receipts? Let me be very precise about this. Count 3 is receipt, and that can be all the Internet stuff. Then count 4, his Davenport argument, is you're tagging me with receipt and possession for the photos I got from the Internet. And it's true that we used to charge cases that way, and we thought that was fine because they receive them and they keep them, and that's receipt and possession. And that issue's going to percolate throughout the circuits, and we'll see what happens. But Davenport says you can't do that. So Judge Malloy says, well, I can find possession on your manufactured pornography. And we argued that in the brief. The judge has found it. The judge rejected his motion. That's the excerpts of record, page 64. Because in this case, unlike Davenport, you had other pornography that you didn't even receive. You made it yourself, and you possessed it. So that'll sustain it. That's what makes this case different from Davenport and its progeny. As long as we're on the topic of double jeopardy, the two exploitation issues, they're the two different crimes. The one is enticement coercion. The other is the Guardian. It's just a simple blockburger issue. Like you say, you can entice a stranger, but if your parent or guardian and your teenage daughter comes home and says, hey, Dad, I want to go be in a porno movie, and you say, sure, go for it, that's crime. And that violates the parent-guardian one. This court has actually confronted this in a Montana case that led to an unpublished decision back in October, November. The case is United States v. Threadgill. It's 2008, Westlaw 4749947, same exact issue, and it's just a straightforward blockburger statute to require proof of a different element. What was the name of that case again? It's Threadgill, T-H-R-E-A-D-G-I-L-L. Mr. Gallagher told me this morning that they have a petition for re-hearing in bank. It was a federal defender case. So you know it's unpublished, but it has been decided in one other case. But it seems like a very straightforward issue. So the indictment charged in your theory of prosecution was count one, enticement coercion, count two, breach of the stepfather duty, count three, possession of the Internet. I think three is receipt. Receipt of the Internet or in count four, possession of the Jody pictures. If we're limited to the Jody pictures, then that's it. And I think that takes care of the double jeopardy. There was an argument about collateral consequences that I didn't fully understand because on the one hand, Mr. Gallagher seems to be raising a sentencing issue even though he got the consecutive or the concurrent time. But I thought I heard him concede that, well, yes, you can be convicted of these, it's just in the end you can't have a judgment with the sentencing. It's kind of an odd concept, but our cases seem to suggest that it's okay for the government to charge it this way, but then the district court has to correct the violation of sentencing by not over-punishing in violation of the double jeopardy clause. And the over-punishment literally in this case is $200. But that's what the case was. I have a quick question. I think Judge Coleman just asked you whether count four was a possession of the Jody pictures. Did I understand you say yes? If it has to be, yes. If that's the only way to sustain it. Because I can say when you read the judge's findings about that, there's no explicit reference to her. Now, there are explicit references to minors' pictures being on the computer, which could have included Jody's as well, but there's no express reference to her as far as the findings are concerned. Do you agree with that? I agree with that. I'm looking at them right here. The findings are basically generic, tracking the statutory language. What was the evidence at trial? I assume an agent testified that we executed a search warrant on Mr. Overton's home, and during the execution of that warrant we found the Jody pictures. It was from the work, and she testified and reviewed the photos, and her age was established. You can easily sustain count four as a generic matter based on the facts that were found, because he possessed the photos that were sexually explicit and she was a minor. So it doesn't even matter from your perspective that Jody was among them, right? Correct. But if Davenport is going to throw out all of the downloaded stuff, the pictures of her alone are enough to sustain that count. And that's what Judge Malloy said. The only other thing I noted going back to the one of the very first questions was the standard review. In our brief, we just kind of casually say, you know, if a national finder of fact could find it, review de novo. There is a very interesting opinion about this. It's from the First Circuit. It's United States versus Fabrizio. I read it on the way up. It's a 2006 opinion, 459 F3rd 80. There are actually good reasons why you would not want sort of a crisp factor-by-factor de novo review. The First Circuit notes a few things, and I can think of some others. The first is, if you start drawing really precise lines in this area, the pornographers are going to go right up to the line. The Third Circuit had a case on this called United States versus Knox in 1994, where the pornographer took the position that as long as you don't actually physically expose the genitalia, you can focus on it and have them do all kinds of sexually explicit things and suggestive things. But as long as you keep it covered, you don't cross the line. And that's the sort of conduct you're going to get if you draw really precise lines under the statute. And the Third Circuit went on to hold that, oh, no, no, no. Exhibit doesn't require actual exhibition that's physical. They can have clothing on, but if you're focusing on it and a rational fact-finder would find it lascivious, that's enough under the statute. The First Circuit also points out that the statute is intended to be a layperson finding. And the way they deal with it in that opinion is very interesting. They say, we're not going to trot out a bunch of definitions or alternative words, and we're not going to rely all that heavily on the DOST factors. They're good suggestions. They are certainly things to consider. But we think ultimately this is a question for a layperson to ask, do I find this lascivious? And maybe that will change over time as society either becomes more prudish or Western civilization declines. That would be shocking. Yeah. So is the First Circuit essentially saying we can trust to the common sense of the jury when they see it? They say repeatedly they're going to rely on a common sense understanding of this. And I think that's wise, because if you really get wrapped around the axle on the DOST factors, I mean, just, you know, Mr. Gallagher recognizes that when you look at the photos, most people are going to find them lascivious, I think. But if you start focusing in on, you know, is she coy or isn't she, you know, pretty soon you're going to have teenagers who can pose naked, and as long as they don't look coy, then it won't be lascivious. I mean, that's the path you would head down. The reality is there's, and I think this is in Fabrizio as well, there's really no innocent explanation for why a 17-year-old girl is having nude photos taken of her. I mean, maybe there could be, but... I'm assuming that in this case the district court would necessarily consider the testimony that the victim offered of the circumstances surrounding the pictures, including the fact that Overton posed her and so on. That's exactly right. And those, the First Circuit also mentions that, that you don't look at the four corners of the photo. This is something that's come up in other cases, that you can look at the circumstances. And she testified, he told me what to do, he told me to move my hands away so he could get a, quote, full shot. District court can make fact-finding on that. And those do not seem like findings that would be susceptible to de novo reviews. So we breezed over it in our brief. I fully recognize that. In preparing for this, I think it is a lot more complicated, and it certainly gave me pause about conceding that it was de novo. Any further questions? Okay. Thank you. Yes, Mr. Gallagher, we'll give you the final say. Thank you, Your Honor. I do apologize. I know that I've taken a lot of your time on these issues. I think it's very important. However, I do believe it's a case of first impression, even though Threadgill admittedly is out there. We have seen a lot of these cases out of Montana. I don't know what some of these folks are doing there, but they're generating a lot of work in this area for us. Well, they are, Your Honor, and that may be a discussion we could have over in a different venue. I'll look forward to that discussion, Mr. Gallagher. We'll look forward to Judge Powell's report. Thank you, Judge Smith. I wanted to make one point with respect to the possession and the receipt counts. I would direct the Court's attention to paragraph 30 of the pre-sentence investigation report, whereas the number of images, the specific offense characteristic, talks about 239 images of child pornography. Okay. What's the point? The point there is that we're not talking about 242 images of child pornography. Isn't this one of those guidelines, like the fraud guideline, that's driven by the number of images? You bet. And it says in that paragraph, at least 150, but fewer than 300. The offense level is increased by three levels. The next sentence reads, there were 239 images of child pornography. But didn't Judge Malloy find that there were more than 150? Oh, absolutely. Sure did. Okay. I'm sorry, Mr. Gallagher. My point is that Mr. Wolfe emphasized that we're relying on the three images as the possession images. I don't think that's exactly correct. Well, that's certainly relevant with regard to the receipt. No doubt about it. Did the receipt count? Sure. That he downloaded more than 150 from the Internet. More than 150 from the Internet. But the 239 images that he downloaded were also the 239 images that he possessed. That's the point that I'm making. And I know that I'm trying to run uphill on this one. But the units of prosecution, sexual exploitation counts one and two. Child pornography counts three and four. I would ask the Court, as a legal matter, to keep those things divided when you consider the double jeopardy issues in this case. Gentlemen, thank you very much. Thank you very much for your time. Thank you, Counsel. The case was very well argued, and it will be submitted. We'll get you a decision as soon as we can.
judges: Tallman, Smith, Reavley